**SO ORDERED.**

**SIGNED** this 09 day of June, 2010.



_____Stephani H. Humrickhouse_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| ARCADIUS DEVELOPMENT, LLC | 07-01462-5-SWH |
|     DEBTOR | |
| | |
| ARCADIA GROUP NORTH CAROLINA, LLC for itself and derivatively on behalf of ARCADIUS DEVELOPMENT, LLC; THE ARCADIA GROUP, LLC; ARCADIA REALTY GROUP, LLC; SCOTT PATTON; and JACQUELINE PATTON | ADVERSARY PROCEEDING NO.<br><br>H-08-00034-5-AP |
|     **Plaintiffs** | |
|     v. | |
| ARCADIUS INVESTORS, LLC for itself and derivatively on behalf of Counterclaimant ARCADIUS DEVELOPMENT, LLC; EGIS SOUTHEAST REALTY CAPITAL, LLC; MARK CARPENTER; RONALD MARIELLO; JOHN MCKEEL; KATHERINE MCKEEL; and ARCADIUS DEVELOPMENT, LLC, nominal Defendant, | |
|     **Defendants and Counterclaimants** | |

**and**

**ARCADIUS INVESTORS, LLC,**

     **Crossclaimant**

**v.**

**JOHN MCKEEL,**

     **Crossclaim Defendant.**

**ARCADIUS INVESTORS, LLC, derivatively on behalf of ARCADIUS DEVELOPMENT, LLC,**
     **Plaintiff,**

**v.**

**SCOTT W. PATTON, WRISTEN, LLC, and EDWARD L. WRISTEN, and ARCADIUS DEVELOPMENT, LLC, nominal defendant**

     **Defendants.**

**ADVERSARY PROCEEDING NO.**

**H-08-00035-5-AP**

## ORDER REGARDING MOTION TO REMAND
## AND MOTION TO RETAIN JURISDICTION

The matters before the court in these consolidated adversary proceedings are (1) the motion to remand and abstain filed by Arcadia Group North Carolina, LLC *for itself and derivatively on behalf of* Arcadius Development, LLC, Arcadia Group, LLC, Arcadia Realty Group, LLC, Scott Patton, Jacqueline Patton, Wristen, LLC and Edward Wristen (collectively, the "Patton Group"), and (2) the motion to retain jurisdiction filed by Arcadius Investors, LLC *for itself and derivatively on behalf of* Arcadius Development, LLC, Mark Carpenter and Ron Mariello (collectively, the "AI Group"). A hearing took place in Raleigh, North Carolina, on April 14, 2010. At the conclusion

2

of the hearing, the court invited the parties to submit supplemental memoranda of law in support of their positions. Counsel for the Patton Group filed a memorandum on April 26, 2010. After due consideration of the matter, the court will allow the Patton Group's motion to remand certain causes of action and to abstain from hearing others. Additionally, the court will stay three causes of action pending resolution of the state court proceedings.

Arcadius Development, LLC filed a petition for relief under chapter 11 of the Bankruptcy Code on July 5, 2007. The membership of the debtor consists of two entities: Arcadius Group North Carolina, LLC and Arcadius Investors, LLC. Prior to the filing of the petition, these two entities were on opposite sides of civil litigation in state court regarding the organization and management of the debtor or, as it was described at the hearing, involved in a "corporate divorce." The litigation included New Hanover County Superior Court Civil Action No. 06-CVS-3785 and Mecklenburg County Superior Court Civil Action No. 06-CVS-13738. After the initiation of the bankruptcy proceeding, these state court cases were removed to this court on June 5, 2008, and became Adversary Proceeding No. 08-00034-5-ATS ("AP No. 34") and Adversary Proceeding No. 08-00035-5-ATS ("AP No. 35"), respectively.[1] The removed proceedings consist primarily of state law claims brought derivatively on behalf of the debtor, including, for example, claims for breach of fiduciary duty, constructive fraud, conversion, bad faith, civil conspiracy, and unfair and deceptive trade practices. As a result of administrative consolidation, AP No. 34 also contains former Adversary Proceeding No. 08-00023-5-ATS ("AP No. 23"), which was initiated in the bankruptcy court prior to the removal of the state court proceedings and includes claims for

---

[1] As these adversary proceedings have since been transferred to the Honorable Stephani W. Humrickhouse, the case numbers have changed to 08-00034-5-SWH and 08-00035-5-SWH, respectively.

equitable subordination (Eighteenth Claim for Relief), improper credit bid (Nineteenth Claim for Relief) and fraudulent conveyance (Twentieth Claim for Relief), as well as an objection to claim filed by Arcadius Investors, LLC.

The Patton Group requests that the court remand the claims that were removed from state court and abstain from hearing the non-removed claims, contending that the North Carolina Business Court can likely proceed to trial as expeditiously as this court, that the claims are grounded in state law and largely arose prior to the bankruptcy case, and that the protraction of litigation in the bankruptcy court burdens the debtor and litigants with procedural complexities and unnecessary expense. The AI Group requests that the court retain the proceedings, contending that this court is particularly well suited to handle the primarily equitable claims at hand, that retaining jurisdiction through the duration of the adversary proceedings promotes judicial efficiency, and that any recovery by the debtor is property of the estate which the court, upon retention of the matter, would be in a position to properly distribute to creditors.[2]

## Discussion

Under 28 U.S.C. § 1334(b), the district courts have original but not exclusive jurisdiction over all proceedings arising under Title 11, or arising in or related to cases under Title 11. It was established at the hearing that the matters asserted in these two adversary proceedings, with the

---

[2] In its motion, the AI Group also argued that transferring these actions back to state court would be prejudicial to the AI Group, as it was representing itself at the time. At the hearing, the AI Group indicated that it had since retained counsel.

4

exception of claims 18, 19 and 20 in AP No. 34,[3] are related to the debtor's bankruptcy case, in that any recovery for the debtor would be subject to distribution through the bankruptcy estate.

Section 1334 prevents a bankruptcy court from "hearing a non-core matter which can be timely adjudicated in a previously commenced action."  Seascape at Wrightsville Beach, LLC v. Mercer's Enterprises, Inc. (In re Mercer's Enterprises, Inc.), 387 B.R. 681,684 (Bankr. E.D.N.C. 2008) (citing Cox v. Cox (In re Cox), 247 B.R. 556,559 (Bankr. D. Mass 2008)).  Under § 1334(c)(2), the court must abstain from hearing a proceeding if the following factors are met: (1) a timely motion to abstain is filed, (2) the removed proceeding is based on a state law claim or state law cause of action, (3) the removed proceeding is "related to" a bankruptcy case, but does not "arise under" Title 11 or "arise in" a case under Title 11, (4) the action could not have been commenced in a United States court absent jurisdiction under 28 U.S.C. § 1334, (5) the action was pending when the bankruptcy was filed, and (6) the action can be timely adjudicated in the state forum of appropriate jurisdiction.  If all of the elements are present, a court must abstain from hearing the matter.  28 U.S.C. § 1334(c)(2).

In the present matter, several factors of the mandatory abstention test are met, except that some of the claims in AP No. 34 arise under Title 11.[4]  Based on the presence of claims involving substantive bankruptcy issues, the court is not required to abstain under 28 U.S.C. § 1334(c)(2).

---

[3] A proceeding to determine claims 18, 19, and 20 would be a proceeding arising under Title 11 since those claims invoke substantive rights created by the Bankruptcy Code.  Wood v. Wood, 825 F.2d 90, 97 (5th Cir. 1987).

[4] As to federal jurisdiction, the court is unable to determine without further evidence whether any independent grounds for jurisdiction exist.

The court therefore must consider whether to remand the removed claims pursuant to 28 U.S.C. § 1452(b) and permissively abstain from hearing the non-removed claims pursuant to 28 U.S.C. § 1334(c)(1) as requested by the Patton Group, or to retain jurisdiction over the proceedings as requested by the AI Group. Under § 1452(b) "[t]he court to which [a] claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). With regard to abstention, § 1334(c)(1) provides that the court may voluntarily abstain from hearing a proceeding arising under Title 11 or arising in or related to cases under Title 11 "in the interest of justice, or in the interest of comity with State courts or respect for State law."

Although remand and permissive abstention are separate doctrines, "virtually the same (if not the identical) factors have emerged for judging the propriety of permissive abstention under § 1334(c)(1) as have been articulated for deciding the propriety of remand under § 1452(b)." Blanton v. IMN Fin. Corp., 260 B.R. 257, 265 (M.D.N.C. 2001) (quoting Ernst & Young, LLP v. Devan (In re Merry-Go-Round Enters.), 222 B.R. 254, 256 (D. Md. 1998)). Further, if grounds exist for abstention, remand is appropriate. See Ernst & Young, LLP v. Devan (In re Merry-Go-Round Enters.), 222 B.R. 254, 257. In light of the similarity between the standards for permissive abstention and remand, the court will analyze both the removed and non-removed claims under the test that is applied in this district, among others, with regard to permissive abstention.

In order to determine whether permissive abstention is appropriate, this court has applied the following twelve-factor test:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather

> than form of an asserted 'core' proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

L. Ardan Dev. Corp. v. Claudia N. Touhey a/k/a Claudia Z. Newell (In re Newell), AP No. 09-00136-8-AP (Bankr. E.D.N.C. Feb. 25, 2010); Seascape at Wrightsville Beach, LLC v. Mercer's Enters., Inc. (In re Mercer's Enters., Inc.); 387 B.R. 681, 686 (Bankr. E.D.N.C. 2008).

In light of the facts of this case, the court finds abstention and remand appropriate. These adversary proceedings take place within a bankruptcy case that began in 2007. The debtor's primary asset was real estate, consisting of numerous lots and condominiums. Since 2007, all of the real estate has been sold or turned over to the lenders, leaving little money in the estate and only a possibility of future receipts that would be available for distribution. The chapter 11 examiner has recently filed his final report, indicating that the funds remaining after the real estate transactions amount to $46,449.01. After fees for which approval is pending, the balance that the examiner seeks to disburse to debtor's counsel will be $30,556.83. At the hearing, the parties mentioned the possibility of receipt of rents due to the debtor in the amount of $100,000 on account of transactions with third parties unrelated to the present matter. As the bankruptcy case stands today, however, the potential recovery from the present matter is the only significant asset remaining in the estate. Based on the relatively small amount of money left in the estate, the court finds that abstention would have little effect on the administration of the estate, other than distribution of any recovery, for which the court can retain limited jurisdiction.

Further, state law issues predominate in the proceedings. In fact, the majority of the claims are based in state law and originated in state court prior to the filing of the bankruptcy petition. The

Patton Group contends that the few bankruptcy-related claims involved are effectively moot unless the debtor's assets become sufficient to reach any claim asserted by Egis Southeast Realty Capital, LLC and/or Arcadius Investors, LLC. Given the minimal funds remaining in the estate and the substantial senior claims against the estate, the court agrees that these bankruptcy-related claims are not likely to be relevant to a distribution in this case and can be reserved for determination in this court, if necessary.

Moreover, the Patton Group contends that the state law issues contained in the adversary proceedings are complex and novel in nature. For example, one issue is the effect of actions taken by a member of a limited liability company where no apparent authority existed for the member's acts. The Patton Group asserts that this issue of limited liability company law appears to be novel in North Carolina. In addition, the status of a claim for aiding and abetting a breach of fiduciary duty is unresolved as it appears questionable whether such cause of action exists in North Carolina. While the bankruptcy court is certainly capable and willing with regard to hearing state law issues, notions of comity and judicial efficiency compel deference to the North Carolina Business Court to address these complex and novel issues of North Carolina law.

The parties filed a consolidated pleading in the adversary proceedings on April 29, 2009; however, the court will direct its ruling as to the individual adversary proceedings as follows: 1) the court will remand all claims derived from AP No. 35 to the North Carolina Business court and the automatic stay is accordingly modified to allow the litigation to continue in state court; 2) the court will remand all claims derived from AP No. 34 prior to consolidation with AP No. 23 and the automatic stay will be modified to allow the litigation to continue in state court; and 3) the court will

8

abstain from hearing all claims originally set forth in AP No. 23, with the exception of claims 18, 19, and 20, which claims are stayed pending the resolution of the state court proceedings.

Accordingly, the Patton Group's motion to abstain and remand is **ALLOWED** as set forth above**,** and the AI Group's motion to retain jurisdiction is **DENIED.**   Additionally, claims 18, 19 and 20 are stayed pending resolution of the state court proceedings.

**SO ORDERED.**

**END OF DOCUMENT**